**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles W. Campbell, | ) | No. CV 05-1278-PHX-DGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Dirk L. Hubbard, Stephen Jenkins, Lowell Finson, John Klamann, Courtney Hueser, | ) ) ) | |
| Defendants. | ) ) ) | |

    Plaintiff has filed a motion for reconsideration. *See* Doc. # 43. The Court has discretion to reconsider its order granting Defendants' motion to dismiss. *See Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the Court to rethink what it has already thought. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E. D. Va. 1983)).

    Because there was no trial, the Court will construe Plaintiff's motion as a motion to alter or amend judgment pursuant to Rule 59(e) and for relief from judgment pursuant to Rule 60(b). A judgment may not properly be reopened under Rule 59 "'absent highly

unusual circumstances[.]'" *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted). The Court may do so only if (1) it is presented with newly discovered evidence, (2) it committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "This requirement is a high hurdle for Plaintiff to meet." *Weeks*, 246 F.3d at 1236. The Court may grant a motion for relief from judgment pursuant to Rule 60(b) only "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* at 1263; *see* Fed. R. Civ. P. 60(b); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (stating that party must show "extraordinary circumstances" to obtain relief under Rule 60(b)(6)).

Plaintiff asserts two reasons for reconsideration of the Court's decision. The Court will address them separately.

First, Plaintiff argues that the Court should have taken as true his assertion that Defendants knew he was "moving to Arizona permanently." Doc. #43. Plaintiff argues that if Defendants were aware of his intent to move to Arizona at the time they entered their contractual relationship, then personal jurisdiction is proper because Defendants could reasonably expect to litigate in Arizona if they caused injury to an Arizona resident. *Id.* As the Court's prior order explained, however, foreseeablity of injury in another state is not a sufficient basis for personal jurisdiction in that state. *See* Doc. #41; *Gray & Co. v. Firstenberg Mach. Co.,* 913 F.2d 758, 760 (9th Cir. 1990). Moreover, "[t]he law is clear, that a contract alone is not sufficient to establish purposeful interjection into the forum state." *Id.* Moreover, even assuming Defendants were aware that Plaintiff was planning to move to Arizona, the analysis under the "reasonableness" prong of the purposeful availment test does not change. Defendants did not interject themselves into the forum state, Defendants

1 would be burdened litigating in Arizona, judicial efficiency weighs in Defendants' favor
2 because all the events and most of the witnesses are located in Kansas, and Plaintiff has
3 not shown the unavailability of an alternative forum. Doc. #42.

4 Second, Plaintiff argues that the Court should have applied the *Calder* effects test.
5 *See* Doc. #43. Plaintiff reasons that if the Court takes as true his assertion that Defendants
6 "purposefully and intentionally caus[ed] injury to Plaintiff in Arizona," then jurisdiction
7 is proper. Doc. #43.

8 The Ninth Circuit has held that the *Calder* effects test is generally applicable in the
9 context of claims arising from intentional torts. *See Caruth v. Int'l Psychoanalytical Ass'n,*
10 59 F.3d 126, 128 n.1 (9th Cir. 1995) (applying effects test to defamation, tortious interference
11 with business relations, and intentional infliction of emotional distress claims); *Core-Vent*
12 *Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486 (9th Cir. 1993) (libel); *Bancroft & Masters,*
13 *Inc., v. Agusta National, Inc.,* 223 F.3d 1082 (9th Cir. 2000) (declaratory judgment action
14 involving trademark infringement); *Brainerd v. Governors of the Univ. of Alberta,* 873 F.2d
15 1257, 1259 (9th Cir. 1989) (defamation and tortious interference with contracts). The effects
16 test requires that the defendant "(1) committed an intentional act, which was (2) expressly
17 aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the
18 defendant knows is likely to be suffered in the forum state." *Bancroft*, 223 F.3d at 1087.

19 Here, Plaintiff's complaint asserts claims for legal malpractice growing out of the
20 attorney-client relationship. He alleges that Defendants "took no actions which could be
21 construed as competently representing plaintiff, thereby purposefully and intentionally
22 causing injury to plaintiff in Arizona." Doc. #43. In other words, Plaintiff alleges that
23 Defendants failed to represent him competently in the Kansas lawsuit. Because the
24 complained-of actions do not involve Defendants committing an intentional act "expressly
25 aimed" at the forum state, the *Calder* effects test does not apply. *Bancroft*, 223 F.3d at
26 1087; *see Yahoo! Inc. v. La Ligue Contre Le Racime et L'Antisemitisme*, 145 F.Supp.2d
27 1168, 1174 (N.D.Ca.2001) (noting that "in every Ninth Circuit decision to date in which the
28

1  effects test has been applied, the plaintiff's cause of action has been akin to a tort claim or
2  the defendant's conduct has been tortious in nature");  *see also* McClinchy v. Shell
3  Chemical Co., 845 F.2d 802 (9th Cir. 1988) (en banc) (refusing to apply *Calder* effects test
4  to a contract claim).

**IT IS ORDERED** that Plaintiff's Motion to Reconsider (Doc. #43) is **denied.**

DATED this 2nd day of February, 2006.

David G. Campbell
United States District Judge

- 4 -