**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Charles W. Campbell, | ) | No. CV-05-1278-PHX-DGC |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Dirk L. Hubbard, et al., | ) | |
| | ) | |
|       Defendants. | ) | |

Defendant Stephen Jenkins has filed a Motion to Set Aside Default Judgment Entered Against Stephen A. Jenkins.  Dkt. #70.  The parties have filed an amendment to the motion, a response by Plaintiff (designated a "Reply"), and a reply memorandum.  Dkt. ## 74, 77, 78. Plaintiff Charles Campbell has also filed a Motion to Compel directed at D&B Legal Services. Dkt. #76.  Finally, Plaintiff Campbell has filed a Request for Time in Which to File a Supplemental Response to New Evidence.  Dkt. #79.

**A.	Motion to Compel.**

Plaintiff seeks to compel D&B Legal Services to respond to a subpoena served on that entity in Mission, Kansas.  Plaintiff asserts that D&B has failed to respond to the subpoena and aks the Court to order D&B to respond and to impose sanctions.

Service and enforcement of subpoenas is governed by Rule 45 of the Federal Rules of Civil Procedure.  Rule 45(e) states that failure to respond to a subpoena "may be deemed a contempt of the court from which the subpoena issued."  Rule 45(e) goes on to state, however, that "[a]n adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii)

1   of subparagraph (c)(3)(A)." The subpoena issued by Plaintiff falls within this last sentence.

2   The subpoena purported to require a Kansas entity to produce documents in Scottsdale,

3   Arizona. Dkt. #76, Attachment. Because such production would not be within the limits

4   provided by Rule 45(c)(3)(A)(ii), D&B has "adequate cause for failure to obey" within the

5   meaning of Rule 45(e). The Court therefore will deny Plaintiff's Motion to Compel.

6           **B.      Request for Additional Time**.

7           Plaintiff seeks until January 27, 2007, to respond to additional evidence disclosed for

8   first time in Defendant Jenkins' reply in support of his motion to set aside default judgment.

9   Because Defendant's reply does attach numerous documents not disclosed with his motion,

10  the Court will grant Plaintiff's request. Plaintiff must file his supplemental response on or

11  before **January 26, 2007**. In addition to responding to the new evidence set forth in the

12  reply, Plaintiff should respond to the other arguments contained in Defendant Jenkins'

13  motion (Dkt. #70) which were not addressed in Plaintiff's previous filing (Dkt. #77). These

14  include Defendant Jenkins' arguments that service was untimely, this Court lacks subject

15  matter jurisdiction, this Court lacks personal jurisdiction over Defendant Jenkins, and venue

16  is improper. Defendant Jenkins may file a supplemental reply (which does not include new

17  evidence) by **February 9, 2007**. The Court will rule on Defendant Jenkins' motion to set

18  aside default judgment (Dkt. #70) after receiving this additional briefing.

19          **IT IS HEREBY ORDERED:**

20          1.      Plaintiff's Motion to Compel (Dkt. #76) is **denied**.

21          2.      Plaintiff's Request for Time in Which to File a Supplemental Response to New

22                  Evidence (Dkt. #79) is **granted** as stated above.

23          DATED this 18th day of January, 2007.

24

25

26          _____

27                      David G. Campbell
                    United States District Judge

28

2