**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles W. Campbell,  )<br>      Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Dirk L. Hubbard, et al.,  )<br>  )<br>      Defendants.  )<br>_____) | No. CV-05-1278-PHX-DGC<br><br><br>**ORDER** |

Defendant Stephen Jenkins has filed a Motion to Set Aside Default Judgment. Dkt. #70. Plaintiff Charles Campbell has filed a motion to amend his supplemental response and a motion for extension of time to serve Defendant. Dkt. ##83, 85. Defendant has filed a motion for leave to file an untimely reply to Plaintiff's supplemental motion, and a motion to quash Plaintiff's motion for extension of time to serve Defendant. Dkt. ##88, 89.[1]

**I.    Background.**

After Plaintiff filed his response to Defendant's Motion to Set Aside Default Judgment, Defendant replied with new evidence that he never received service in this case because he was hospitalized at the time of the alleged service at his office. Dkt. #78. The Court granted Plaintiff a time to file a supplemental response to the new evidence. Dkt. #80.

**II.    Analysis.**

---

[1] Plaintiff and Defendant have each filed motions for the Court to consider untimely filed documents. Dkt. ##83, 88. Defendant states that back problems kept him from filing his supplemental reply on time, while Plaintiff does not provide a reason for his untimely amendment to his supplemental response. The Court finds that neither party would be prejudiced by these slight delays and will grant both motions.

### A.     Insufficient Service.

Plaintiff argues in his supplemental response that the Court should not rely on Defendant's medical records because they have not been authenticated. Dkt. #82 at 3. Defendant counters that the records fall within the business records exception to the hearsay rule. Dkt. #87 at 2. Even if the documents might qualify as business records, however, Defendant must present evidence to show that they meet the criteria of Federal Rule of Evidence 803(6). Defendant provides no such evidence. The Court therefore will not grant Defendant's motion on the basis of Plaintiff's failure to serve him.

### B.     Personal Jurisdiction.

Defendant has argued in each of his memoranda that the Court lacks personal jurisdiction over him. Dkt. ##70 at 8; 78 at 3; 87 at 1-2. When Plaintiff did not address this argument in his initial response, the Court specifically instructed him to address "Defendant Jenkins' arguments that . . . this Court lacks personal jurisdiction over Defendant Jenkins[.]" Dkt. #80 at 2. Plaintiff responded by referring the Court to arguments contained in Plaintiff's opposition to personal jurisdiction motions made by other defendants. Dkt. #82 at 7. But these arguments fail to address Defendant Jenkins' connection to Arizona, and the Court has already found them unpersuasive. *See* Dkt. #41 at 4-14 (conducting a personal jurisdiction analysis and concluding Plaintiff did not have personal jurisdiction over any defendants).

Defendant Jenkins asserts that he lacks minimum contacts with Arizona. Plaintiff does not address this issue, and the Court can find no connection between Defendant and this State. The Court accordingly finds that it lacks personal jurisdiction over Defendant.

The Ninth Circuit has held that "[a] judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Because the default judgment entered against Defendant is void, the Court will grant the motion to set it aside.

/ / /

Plaintiff has filed a motion for extension of time in which to serve Defendant. Dkt. #85. Serving Defendant would be futile, however, because Defendant is not subject to personal jurisdiction in Arizona. The Court will therefore deny the motion.

Alternatively, Plaintiff asks the Court to transfer this case to the United States District Court for the District of Kansas. Dkt. #82 at 7. If a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action[.]" 28 U.S.C. § 1631. The Court finds that a transfer to the District Court in Kansas is in the interest of justice. Plaintiff dismissed Defendant from his state-court suit in Kansas on the basis of the now void default judgment he obtained in this Court, and the statute of limitations on his claims expired during the proceedings in this Court. *See* Dkt. #82 at 7. Upon transfer, Plaintiff's action "shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in [this Court]." 28 U.S.C. § 1631.

**IT IS ORDERED:**

1. Defendant's Motion to Set Aside Default Judgment (Dkt. ##70,74) is **granted**.
2. Plaintiff's Motion for Leave to File an Untimely Amendment (Dkt. #83) is **granted**.
3. Defendant's Motion for Leave to File an Untimely Reply (Dkt. #88) is **granted**.
4. All other motions (Dkt. ##85, 89) are **denied** as moot.
5. The Clerk of the Court is directed to transfer this case (CV05-1278-PHX-DGC) to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1631.

DATED this 6th day of March, 2007.

_____
David G. Campbell
United States District Judge